# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br>  Plaintiff, <br><br> v. <br><br> ARTHUR SILVA LOPEZ, <br><br> Defendant. | Case No.: 1:19-cr-00236 JLT SKO <br><br> ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(1)(A) <br><br> (Doc. 132) |

Arthur Silva Lopez is a federal prisoner proceeding *pro se* on his "Emergency Motion for Immediate Release" under 18 U.S.C. § 3582(c)(1)(A). (Doc. 132.) The motion, filed on March 4, 2025, appears to be premised largely upon inability to obtain medical care at his place of incarceration. (*See id.* at 7-8.) The Office of the Federal Defender declined to supplement Defendant's motion. (*See* Doc. 137.) The Government opposes the motion, contending that Defendant does not satisfy the "extraordinary and compelling" standard applicable to his request. (Doc. 140.) Defendant did not file a reply. For the reasons set forth below, the motion is **DENIED**.

I. **Background**

On May 30, 2023, Defendant pled guilty to one count of conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A). (Docs. 104, 105.) On May 6, 2024, the Court sentenced Defendant to a 48-month term of imprisonment to be

1

followed by a 60-month term of supervised release. (Doc. 130.) Defendant was recently transferred to a BOP Residential Reentry Center (RRC) in Sacramento, California. *Find an inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited November 18, 2025).[1] His projected release date is January 16, 2026. *Id.*

## II.     Legal Standards

### A.     Sentence Reductions under 18 U.S.C. § 3582(c)(1)(A)

A court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824 (2010) ("'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances."). Those limited circumstances include compassionate release in extraordinary cases. *See United States v. Holden*, 452 F. Supp. 3d 964, 968 (D. Or. 2020). Under the First Step Act of 2018, a defendant, or the Director of the Bureau of Prisons on the defendant's behalf, may move for a sentence reduction in the district court. 18 U.S.C. § 3582(c)(1)(A). Upon such motion,

> district courts may reduce [a defendant's] term of imprisonment if four conditions are met: (1) the defendant exhausted administrative remedies; (2) "extraordinary and compelling reasons" warrant a sentence reduction; (3) a sentence reduction is "consistent with applicable policy statements" issued by the U.S. Sentencing Commission; and (4) the district court considered the factors set forth in 18 U.S.C. § 3553(a).

*United States v. Chen*, 48 F.4th 1092, 1094-95 (9th Cir. 2022). "Although a district court must conclude that a defendant satisfies all three predicates before granting a motion for compassionate release, it may deny compassionate release if a defendant fails to satisfy any of these grounds." *United States v. Wright*, 46 F.4th 938, 945 (9th Cir. 2022). The defendant bears the burden of "establish[ing] his eligibility for compassionate release." *Id.* at 951.

### B.     Administrative Exhaustion

18 U.S.C. § 3582(c)(1)(A) permits a defendant to apply to a federal district court for a sentence modification only "after the defendant has fully exhausted all administrative rights to

---

[1] The Government has submitted a copy of Defendant's furlough transfer application, which indicates that Defendant was approved for an unescorted furlough transfer, departing FPC Duluth on September 16, 2025 and arriving at Geo Reentry, Inc. in San Francisco, California on September 18, 2025. (*See* Doc. 140-1 at 7-12.)

appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" If the BOP denies a defendant's request within 30 days of receipt of such a request, the defendant must appeal that denial to the BOP's "Regional Director within 20 calendar days of the date the Warden signed the response." 28 C.F.R. § 542.15(a). If the Regional Director denies a defendant's administrative appeal, the defendant must appeal again to the BOP's "General Counsel within 30 calendar days of the date the Regional Director signed." *Id.* "Appeal to the General Counsel is the final administrative appeal." *Id.* When the final administrative appeal is resolved, a defendant has "fully exhausted all administrative rights." *See* 18 U.S.C. § 3582(c)(1)(A).

Section 3582(c)(1)(A)'s "administrative exhaustion requirement is mandatory and must be enforced when properly raised by the government." *United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021). In *Keller*, the defendant filed a motion for compassionate release in federal court eight days after filing an administrative request with the warden, rather than the requisite 30 days. *Id.* at 1281. The government objected to Keller's failure to "exhaust his administrative remedies with the BOP *before* seeking relief in the district court." *Id.* (emphasis in original). The district court denied Keller's motion on its merits without addressing the government's objection. *Id.* Upon Keller's appeal, the government maintained that "a district court may not, as it did here, excuse a defendant's failure to satisfy that requirement over the government's timely objection." *Id.* at 1282. The Ninth Circuit agreed, finding that "the district court erred by overlooking the government's objection and addressing Keller's motion on its merits." *Id.* at 1282-83.[2]

### III.     Analysis

Defendant claims he is "free to proceed on the merits" of his motion because prior to filing his motion for compassionate release, more than 30 days had elapsed since he "notified" the Warden at FPC Duluth. (Doc. 132 at 2.) Critically, he presents no evidence to support a finding

---

[2] The Court found the error to be harmless because the lower court denied Keller's motion on other grounds, and found remand for "exhaustion factfinding" unnecessary because the facts were not in dispute. *Keller*, 2 F.4th at 1282-83. Nonetheless, the Court emphasized that "Keller's arguments that he did in fact satisfy the administrative exhaustion requirement are unavailing." *Id.* at 1283.

1  that he exhausted his administrative remedies prior to seeking relief in federal court. He also does
2  not indicate "the date(s) on which these letters were allegedly sent or when they were received by
3  the warden" at FPC Duluth. *United States v. Alaniz*, 2020 WL 1974150, at *1 (E.D. Cal. Apr. 24,
4  2020).

5       In opposition, the Government confirms that "BOP has no record of any request being
6  submitted to the Warden." (Doc. 140 at 3-4; *see also* Doc. 140-1 at 14 (Administrative Remedy
7  Generalized Retrieval indicating that "no remedy data exists" for Defendant).) Because the
8  Government has properly raised an objection to Defendant's failure, § 3582(c)(1)(A)'s
9  "mandatory claim-processing rule … must be enforced." *Keller*, 2 F.4th at 1282.

### IV.     Conclusion and Order

     Based upon the foregoing, Defendant's emergency motion for immediate release (Doc. 132) is **DENIED** without prejudice to its renewal upon proper exhaustion of Defendant's administrative remedies. 18 U.S.C. § 3582(c)(1)(A).[3]

IT IS SO ORDERED.

    Dated:   **November 19, 2025**

                                              UNITED STATES DISTRICT JUDGE

---

[3] Because the Court concludes that Defendant's motion is premature, it does not reach whether extraordinary and compelling reasons warrant release, nor does it consider the 18 U.S.C. § 3553(a) sentencing factors. *See Keller*, 2 F.4th at 1284 ("[A]lthough a district court must perform this sequential inquiry before it grants compassionate release, a district court that properly denies compassionate release need not evaluate each step").

     Moreover, though Defendant's motion is denied on exhaustion grounds, the Court notes that on October 27, 2025, it issued a Minute Order directing Defendant to file a status report, within 14 days, indicating whether he wished to proceed on the merits of his motion in light of his recent transfer from FPC Duluth to RRC Sacramento. (*See* Doc. 145.) As of the date of this order, no such filing has occurred, and the deadline to do so has passed. (*Id.*) This failure to comply may be independent grounds for dismissal. *See* L.R. 183.